UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON V. HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>DIETICIAN MENDOSA,<br><br>    Defendant. | Case No. 20-cv-07375-YGR (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION; REOPENING CASE; AND DIRECTING PLAINTIFF TO COMPLETE NON-PRISONER APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*** |

This civil rights action was dismissed without prejudice by the Court on December 7, 2020. Dkt. 3. The Court concluded that dismissal was required because Plaintiff failed to submit a timely application for leave to proceed *in forma pauperis* ("IFP") by the November 30, 2020 deadline as set by the Clerk's notice dated October 21, 2020. *Id.* at 1. Plaintiff now seeks reconsideration of the dismissal by filing motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. 5.

Where the district court's ruling has resulted in a final judgment or order, a motion for reconsideration may be filed under Rule 60(b). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff contends that he did not receive a copy of the Clerk's October 21, 2020 notice informing him that his action could not go forward until he paid the filing fee or filed a completed IFP application by the November 30, 2020 deadline. Dkt. 5 at 1-3. As mentioned above, the Court had dismissed this action because Plaintiff failed to timely respond to the Clerk's October

21, 2020 notice. Dkt. 3. The record now reveals that Plaintiff's failure to respond to the Clerk's notice was because he *never* received such notice. *See* Dkt. 5 at 1-3. Rule 60(b)(1) provides for reconsideration where mistake, inadvertence, surprise or excusable neglect is shown, *see* Fed. R. Civ. P. 60(b)(1), and Plaintiff has shown such proof worthy of reconsideration based on these circumstances, *see* Dkt. 5 at 1-3. Accordingly, Plaintiff's motion for reconsideration is GRANTED. Dkt. 5.

Furthermore, the Court notes that Plaintiff, a civil detainee, is not a "prisoner" subject to the provisions of the Prisoner Litigation Reform Act. *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (to fall within the definition of "prisoner," the individual in question must be currently detained as a result of accusation, conviction, or sentence for a criminal offense). Because Plaintiff is not a "prisoner," the provisions of section 1915—that require prisoners who seek to proceed IFP to submit a copy of transactions in their inmate account and provide that the full filing fee be paid in installments—do not apply to him. However, non-prisoners are required by section 1915(a)(1) to provide an affidavit with sufficient information to allow the Court to make an accurate determination whether they are indigent and thus entitled to proceed IFP. Therefore, Plaintiff shall file a non-prisoner application to proceed IFP, as directed below. If, based upon the information provided by Plaintiff, he is granted leave to proceed IFP, the Court will proceed to review his complaint under § 1915(e)(2).[1] If the Court determines that Plaintiff is not entitled to IFP status, he will be required to pay the full filing fee or the action will be dismissed.

## CONCLUSION

For the reasons outlined above, the Court rules as follows:

1. Plaintiff's motion for reconsideration is GRANTED. Dkt. 5. The Clerk shall REOPEN this action, VACATE the Court's December 7, 2020 Order of Dismissal Without Prejudice (Dkt. 3), and REINSTATE the complaint filed on October 13, 2020 (Dkt. 1). The Court will review Plaintiff's complaint in a separate written Order only after Plaintiff files his completed

---

[1] Under this section, the Court is required to conduct a preliminary screening for frivolity, failure to state a claim, or immune defendants in any IFP action.

1  non-prisoner IFP application form, as directed below.

2      2.    Plaintiff shall file a non-prisoner application to proceed IFP.  Plaintiff shall answer
3  all questions in both the attached complaint and non-prisoner IFP application forms as well as
4  provide any requisite documentation.  He shall file his completed non-prisoner IFP application
5  form within **twenty-eight (28) days** of the date of this Order.  **The failure to do so will result in**
6  **the dismissal of this action without prejudice.**

7      3.    The Clerk is directed to send Plaintiff a blank non-prisoner IFP application form.

8      4.    This Order terminates Docket No. 5.

    IT IS SO ORDERED.

Dated: June 14, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge