UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON V. HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>DIETICIAN MENDOSA,<br><br>    Defendant. | Case No. 20-cv-07375-YGR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL; SERVING COGNIZABLE CLAIM; REFERRING CASE TO PRO SE PRISONER MEDIATION PROGRAM FOR GLOBAL SETTLEMENT PROCEEDINGS; STAYING ACTION; AND DIRECTIONS TO CLERK** |

## I. INTRODUCTION

Plaintiff, a civil detainee currently being held in custody at California State Prison - Sacramento, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 stemming from alleged constitutional violations at Salinas Valley State Prison ("SVSP") where he was previously incarcerated. Venue is proper because the event giving rise to the claim is alleged to have occurred in SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order. Plaintiff has named only one Defendant from SVSP, Dietician Mendosa, who is the "food manager." Dkt. 1 at 1.[1] Plaintiff seeks injunctive relief and monetary damages, including punitive damages. *Id.* at 3.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

1  monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se*
2  pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
3  Cir. 1988).

4  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
5  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
6  the alleged violation was committed by a person acting under the color of state law. *West v.*
7  *Atkins,* 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff, who was civilly committed in 1997 following a plea of not guilty by reason of insanity, alleges the following claims that took place in the Fall of 2020.

#### 1. Injunctive Relief

The threshold question presented is whether the Court has jurisdiction to consider Plaintiff's claims for injunctive relief, in light of his transfer from SVSP to CSP-Sacramento. When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be returned to the prison where the injury occurred is too speculative to overcome mootness. *Id.* Here, Plaintiff's transfer from SVSP to CSP-Sacramento renders moot his claims for injunctive relief. Therefore, the Court DISMISSES Plaintiff's claim for injunctive relief.

#### 2. Monetary Damages

The remaining allegation involving monetary damages in the complaint stems alleged constitutional violations from September to October 2020—while Plaintiff was incarcerated at SVSP.

##### a. Eighth Amendment

Plaintiff claims that he has a "religious dietary vegetarian diet and [that the] [California Department of Corrections and Rehabilitation] defendants are issuing plant based diet with artificial meat labeled soy by product." Dkt. 1 at 3. He claims that Defendant Mendosa is the

"food manager responsible for inmates on the religious diet and also responsible for the health and safety regarding issuing inmates food daily." *Id.* at 5.

On September 28, 2020, Plaintiff claims that he "notified [prison officials] by the grievance procedure that [her] was being served rancid food daily . . . during breakfast and dinner." *Id.*

Plaintiff further alleges that on October 2, 2020, he notified "food manager Dietician Mendosa of the rancid food and that Plaintiff was getting sick from the rancid food [and] Dietician Mendosa stated that she didn[']t care and she would continue to serve Plaintiff the rancid food even though Plaintiff was getting sick from the plant based diet." *Id.* at 4. Plaintiff further alleges that he notified Defendant Mendosa "on two other occasions regarding the rancid food and nothing was done to change the situation." *Id.* Plaintiff claims that he became sick from eating the rancid food for two months, and he suffered from vomiting, severe weight loss from a lack of nutrition, stomach pain, headaches, and chest pains. *Id* at 4-5. He also claims that "medical attention has been denied" "several times." *Id.* at 5-6.

On October 5, 2020, Plaintiff notified the registered nurse, who was responsible for passing out food . . . regarding the issue and was denied any medical attention." *Id.* at 5.

Adequate food is a basic human need protected by the Eighth Amendment. *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996). The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing. *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). Nutritionally complete food served to inmates is deficient under constitutional standards, however, if it is prepared under conditions so unsanitary as to make it unwholesome and a threat to inmates who consume it. *Toussaint v. McCarthy*, 597 F. Supp. 1388, 1412 (N.D. Cal. 1984); *cf. Le Marie*, 12 F.3d at 1456 ("[t]he fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation"). Food that is spoiled and water that is foul would be inadequate to maintain health. *Keenan*, 83 F.3d at 1091.

Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim for deliberate indifference against Defendant Mendosa.

### b. Retaliation

Plaintiff alleges that the Defendant Mendosa retaliated against him. Dkt. 1 at 3. He does not further elaborate on such a retaliation claim. *See id.*

To state a claim for First Amendment retaliation against a government official, a plaintiff must demonstrate that (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016).

It is difficult to understand the exact allegations of Plaintiff's retaliation claim regarding the events that occurred at SVSP from September to October 2020. Plaintiff generally claims that "the CDCR continues to retaliate against [him] for filing grievances and claims with the above Court." Dkt. 1 at 5. Other than a conclusory statement, Plaintiff provides no allegations to support his claim of retaliation against Defendant Mendosa. *See Mulligan*, 835 F.3d at 988. Thus, Plaintiff has not alleged facts sufficient to support any of the aforementioned elements of retaliation. Plaintiff will be granted the opportunity to amend his retaliation claim in order to bring forth a cognizable claim, if he is able to do so. Plaintiff must provide more support for his allegations because his bare allegations are insufficient to state a retaliation claim under *Iqbal*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff will be provided one final opportunity to amend to better present his retaliation claim. Therefore, Plaintiff's First Amendment claim is DISMISSED. Because it appears possible that Plaintiff may be able to correct this deficiency as to Defendant Mendosa, the Court will DISMISS this First Amendment claim against Defendant Mendosa with leave to amend. If Plaintiff chooses to amend his complaint and re-plead his retaliation claim against Defendant Mendosa, Plaintiff must allege that he engaged in constitutionally-protected conduct, that Defendant Mendosa took adverse action against him in retaliation for the protected conduct, and that he suffered harm as a result of the retaliation. It is not enough for Plaintiff to state that

1  Defendant Mendosa allegedly violated Plaintiff's Eighth Amendment rights, and instead Plaintiff
2  must link Defendant Mendosa to his retaliation claim.

### c. Claim Against Doe Defendant

Plaintiff mentions an unnamed registered nurse in the body of his complaint as allegedly failing to provide him medical attention, and thus it seems he wishes to name this nurse as a Doe Defendant, whose name he apparently intends to learn through discovery. Dkt. 1 at 5. Where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, Plaintiff's claim against the Doe Defendant is DISMISSED without prejudice. Should Plaintiff learn the identity of the unnamed registered nurse, he may move for leave to amend to add the registered nurse as a named defendant. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### III. PRO SE PRISONER MEDIATION PROGRAM

The Northern District of California has established a Pro Se Prisoner Mediation Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Robert M. Illman. The conferences shall be conducted with Plaintiff as well as Defendants and/or the representative for Defendants attending by videoconferencing.

Good cause appearing, the present case will be REFERRED to Magistrate Judge Robert Illman for global settlement proceedings pursuant to the Pro Se Prisoner Mediation Program, involving the instant matter and other cases filed by Plaintiff. Such proceedings shall take place within 120 days of the date this order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit. Magistrate Judge Illman shall coordinate a place, time, and date for one or more settlement conferences with all interested parties and/or their representatives and, within fifteen days of the conclusion of all settlement proceedings, shall file with the Court a report thereon.

**IV.   CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff has stated a cognizable Eighth Amendment claim against Defendant Mendosa.

2.   Plaintiff's claim against the Doe Defendant is DISMISSED without prejudice.

3.   Plaintiff's action is referred to the Pro Se Prisoner Mediation Program for global settlement proceedings, involving the instant matter and other cases filed by Plaintiff. The Clerk is directed to serve Magistrate Judge Illman with a copy of this Order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the Court's electronic filing database.

4.   The Court DISMISSES with leave to amend the First Amendment retaliation claim against Defendant Mendosa. If Plaintiff chooses to file an amended complaint, he must file the amended complaint within **twenty-eight (28) days** of the date of this Order. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-cv-07375-YGR (PR) and the words "AMENDED COMPLAINT" on the first page. Plaintiff must use the Court's complaint form and answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint *all* the claims he wishes to present, including the amended First Amendment claim against Defendant Mendosa as well as the Eighth Amendment claim against Defendant Mendosa, which the Court has already found cognizable. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this Order in the time provided will result in the following: (1) the dismissal of his retaliation claim against Defendant Mendosa; (2) the initial complaint (Dkt. 1) remaining the operative complaint; and (3) this action proceeding in accordance with this Order.

5.   The following Defendant(s) shall be served: **Dietician/Food Manager Mendosa at SVSP.** Service on the listed Defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners

in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint (Dkt. 1), this Order of service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this Order on the Plaintiff.

No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within **twenty-one (21) days**, shall file with the Court a waiver of service of process for Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this Order, the summons, and the operative complaint for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

6. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If Defendant has not waived service and has instead been served by the USMS, then Defendant shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

7. All communications by Plaintiff with the Court must be served on Defendant or

Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

10. The Clerk shall include a copy of a blank complaint form with a copy of this Order to Plaintiff.

11. In view of the referral to the Pro Se Prisoner Mediation Program, after the operative complaint has been served on the aforementioned named Defendant(s) against whom Plaintiff has alleged cognizable claim(s), all other further proceedings in this case are hereby STAYED. The Clerk shall ADMINISTRATIVELY CLOSE this case until further order of the Court. If the case is not settled, the Court will enter a scheduling order for further proceedings.

IT IS SO ORDERED.

Dated: September 30, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge